UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

COLONY CAPITAL INC.,

       Plaintiff,

  -v-                                                     No.  21-CV-4645-LTS

JAMES F. FLAHERTY III,

       Defendant.

-------------------------------------------------------x

## Order

Plaintiff Colony Capital, Inc. ("Colony") brings this action against James F. Flaherty III ("Flaherty") seeking injunctive relief (in the form of a stay of an arbitration between the parties) and declaratory relief (in the form of a judgment that the underlying indemnification dispute between the parties is not arbitrable, and that Flaherty is not entitled to indemnification from Colony).  (Docket entry no. 1 ("Complaint").)  Flaherty moves to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.  The Court has considered the parties' submissions carefully, and, for the following reasons, the motion to dismiss is granted in part and denied in part.

This case arises out of a three-party dispute involving Flaherty, Colony, and non-party Meiko Dixon.  In 2014, Flaherty and Colony entered into a joint venture agreement with the aim of expanding Colony's investment services to the healthcare industry.  (Complaint ¶¶ 5-6, 10-17.)  Dixon was a former employee of Colony who was assigned to work for the joint venture as Flaherty's Executive Assistant, a position she held until December 2017, when she accused Flaherty of engaging in sexual misconduct in the workplace and her employment was terminated.  (Id. ¶¶ 18-21.)  Dixon's employment agreement with Colony contained an

arbitration clause; Flaherty's joint venture agreement with Colony did not. (Id. ¶¶ 13, 19.)[1] In early 2019, Flaherty served a demand for arbitration on both Dixon (as to her sexual misconduct allegations) and Colony (seeking indemnification of costs incurred defending against those allegations). (Id. ¶ 26.) In or around July 2020, Flaherty and Dixon settled the claims as between them (id. ¶ 31), leaving only Flaherty's indemnification claim against Colony.

On May 24, 2021, Colony filed this action seeking declaratory and injunctive relief. On June 14, 2021—three days after this Court denied Colony's motion for a preliminary injunction staying the arbitration between the parties (see docket entry no. 29-1)—an arbitration proceeding was held in California. On June 29, 2021, Flaherty filed the instant motion to dismiss for lack of subject matter jurisdiction, arguing that Colony's request for injunctive relief was moot because the underlying arbitration hearing had already occurred, that the question of arbitrability had been delegated to and presented to the arbitrator, and that there was no case or controversy with respect to whether Colony should indemnify Flaherty. (Docket entry nos. 27 & 28.) Flaherty did not argue that the Court lacked personal jurisdiction over him, or that Flaherty (a California resident) and Colony (a Maryland corporation with its principal place of business in Florida) are not diverse. (See Complaint ¶¶ 5-8.)

On August 9, 2021—after Colony's motion to dismiss was fully briefed—the California arbitrator issued an award, concluding that Flaherty's indemnification claim was arbitrable and that Flaherty was entitled to indemnification from Colony in the amount of $491,142. (Docket entry no. 47-1 (the "Award").) On October 1, 2021, Colony filed a motion to vacate the Award, partly on the ground that Flaherty's indemnification claim was not arbitrable.

---

[1]   Instead, the agreement between Colony and Flaherty provided that the parties submitted to the jurisdiction of the courts of this County and District with respect to "any suit, action, or proceeding arising out of or related to" that agreement. (Complaint ¶ 12.)

(Docket entry nos. 48 & 49.) Flaherty opposed the motion to vacate on the merits, but did not argue that this Court lacks the requisite subject matter jurisdiction, or personal jurisdiction as to Mr. Flaherty, to adjudicate it. (See docket entry no. 58.) See also Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co., 529 U.S. 193, 195 (2000) ("[T]he venue provisions of the Federal Arbitration Act [ ], 9 U.S.C. §§ 9-11 . . . are permissive, permitting such a motion either where the award was made or in any district proper under the general venue statute."); Brown v. Lockheed Martin Corp., 814 F.3d 619, 625 (2d Cir. 2016) ("A defendant may also forfeit its objections to personal jurisdiction by failing to raise them timely in the answer or in an initial motion.") (citing Fed. R. Civ. P. 12(h)(1)). Colony's motion to vacate remains pending.

In light of the completion of appraisal proceedings between the parties and Colony's filing of its motion to vacate—both of which occurred after the parties had fully briefed Flaherty's motion to dismiss on subject matter jurisdictional grounds—the Court grants in part and denies in part Flaherty's motion to dismiss. To the extent the Complaint sought to enjoin the arbitration hearing that has already taken place, the Court grants Flaherty's motion to dismiss the Complaint as moot. However, to the extent Colony's Complaint seeks declaratory relief in the form of a judgment "with respect to the arbitrability of Flaherty's indemnification claim" and "with respect to Flaherty's claim to indemnification" (Complaint ¶¶ 36, 46), those same disputes form in part the basis for Colony's motion to vacate, which Flaherty does not dispute that this Court has subject matter jurisdiction to resolve, and are now ripe controversies for the Court's resolution. The Court concludes, particularly in light of the pending motion to vacate, that the Court has subject matter jurisdiction of this action. Nat'l Ass'n of Broad. Emps. & Technicians v. Am. Broad. Co., 140 F.3d 459, 462 (2d Cir. 1998) (a party objecting to arbitrability may raise its objection in a judicial proceeding after an arbitration award is issued); S & G Flooring, Inc. v.

<u>New York City Dist. Couns. of Carpenters Pension Fund</u>, No. 09-CV-2836-NRB, 2009 WL 4931045, at *5 (S.D.N.Y. Dec. 21, 2009) (same).  Flaherty's motion to dismiss the Complaint in its entirely, for lack of subject matter jurisdiction, is therefore denied.[2]

For the reasons set forth above, Flaherty's motion to dismiss is granted to the extent it seeks dismissal of the Complaint's request to enjoin the now-completed arbitration hearing between the parties, and is otherwise denied.

Colony's motion to vacate remains <u>sub judice</u>.  To the extent the arguments in the parties' motion to dismiss submissions are relevant to that motion, the Court will consider the arguments in resolving the motion to vacate.

This Order resolves docket entry no. 27.

SO ORDERED.

Dated: New York, New York
       March 21, 2022

                                                 /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                 Chief United States District Judge

---

[2] To the extent necessary, the Court deems that portion of Colony's Complaint seeking a stay of arbitration amended to seek vacatur of the Award.  <u>See</u> <u>Cap. Dist. Chapter of New York State, P.D.C.A. v. Int'l Bhd. of Painters & Allied Trades, Loc. Union Nos. 201, 12 & 622</u>, 743 F.2d 142, 146 (2d Cir. 1984) (affirming district court's sua sponte conversion of motion to stay arbitration into one to vacate the resulting arbitration award).  <u>See also</u> Fed. R. Civ. P. 15(b)(2).